

# THE ATTORNEY GENERAL.
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Over...... H-54
.......

June 20, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M- 96

Re: Construction of Senate Bill
No. 111, Acts of the 60th
Legislature amending Article
655, Revised Civil Statutes,
of Texas, 1925, and House
Bill 362, Acts of the 60th
Legislature amending Article
4357, Revised Civil Statutes
of Texas, 1925.

Dear Mr. Calvert:

Your request for an opinion reads as follows:

"The 60th Legislature, has amended Article 655, R.C.S. by Senate Bill No. 111 /and/ has amended Article 4357 R.C.S. by House Bill No. 362. A copy of the bills, which have been signed by the Governor is enclosed.

"The questions before me as a result of the two acts becoming law are as follows:

"1. Does the amendments in Senate Bill No. 111 and House Bill No. 362 only apply to certificates to be attached to claims of sellers of merchandise?

"2. Can this department continue to issue warrants for properly submitted claims when such claims are submitted under an affidavit as to their correctness?

"3. Does the House Bill No. 362 repeal the provisions of the below listed Articles requiring affidavits or sworn accounts?

- 434 -

"(A)   Article 4344, R.C.S., Section 4 for settlement of accounts.

"(B)   Article 4359 R.C.S. for payrolls.

"(C)   Article 35.27 C.C.P., Section 3, for witness fees.

"(D)   Article 6820 R.C.S. for travel for Judges and attorneys.

"(E)   Article 6821 R.C.S., salary of Special Judges.

"(F)   Article 1020 C.C.P., fees to certain Officers.

"(G)   Article 1030 C.C.P., Section 7, fees to sheriffs.

"(H)   Article 1034 C.C.P., certified copy of claims to be submitted to Comptroller.

"(I)   Article 1035, C.C.P., stating the duties of the Comptroller upon receipt of such claims."

Senate Bill No. 111, Acts of the 60th Legislature, amending Article 655, Revised Civil Statutes of Texas, 1925, is an Act eliminating the affidavit requirement for sellers of merchandise. Article 655, as amended by Senate Bill No. 111, now reads as follows:

"The contractor or seller shall in all cases certify that the invoice is correct and that it corresponds in every particular with supplies and/ or services contracted for, which certification shall be in a form prepared by the Attorney General of Texas."

Article 655 is an Act constituting a part of Chapter 3 of Title 20 of the Revised Civil Statutes of Texas, 1925, relating to the duties of the purchasing division of the State Board of Control. Therefore, such Act applies only to the contractor or seller of supplies and/or services contracted for by the State Board of Control.

House Bill No. 362, Acts of the 60th Legislature, amends Article 4357, Revised Civil Statutes of Texas, 1925, so as to require

certification in lieu of verification by affidavit to the correctness of claims against the State.

Article 4357, as amended, reads, in part, as follows:

"(a) No warrant shall be prepared except on presentation to the warrant clerk of a properly audited claim, certified to its correctness, the proper auditing of which claim shall be evidenced by the initials written thereon by the person auditing the same; and such claim so certified and audited shall be sufficient and the only authority for the preparation of a warrant or warrants . . . ."

Prior to the amendment by House Bill No. 362, Article 4357 provided, in part, as follows:

"No warrant shall be prepared except on presentation to the warrant clerk of a properly audited claim, verified by affidavit to its correctness, the proper auditing of which claim shall be evidenced by the initials written thereon by the person auditing the same; and such claim so verified and audited shall be sufficient and the only authority for the preparation of a warrant or warrants. Provided, that any claim for the amount of Fifty Dollars ($50.00) or less may be presented for payment with or without the affidavit as set forth above; if such claim be presented for payment without such affidavit the claimant must certify under the penalties of perjury that to the best of his knowledge and belief the claim is true and correct, and upon such certificate the Comptroller may issue warrant in payment thereof. . . . ."

Article 4357 constitutes a part of Chapter 2, Title 70, relating to the duties of the Comptroller of Public Accounts. The express wording of Article 4357 that "no warrant shall be prepared" reveals that the provisions of Article 4357 applies to all claims against the State, except as hereafter stated.

Therefore, you are advised in answer to your first question that Article 655, Revised Civil Statutes of Texas, 1925, as amended by Senate Bill No. 111, Acts of the 60th Legislature, Regular Session, 1967, Chapter 11, page 29, applies only to the contractor or seller of supplies and/or services contracted for by the State Board of Control, whereas Article 4357, Revised Civil Statutes of Texas, 1925,

as amended by House Bill No. 362, Acts of the 60th Legislature, Regular Session, 1967, applies to the issuance of warrants in payment of all claims against the State, except those claims which are controlled by special laws, including those Articles listed in your question 3.

The caption to House Bill No. 362 reads as follows:

"An Act amending Article 4357, Revised Civil Statutes of Texas, 1925, as amended, to require certification in lieu of verification by affidavit to the correctness of claims against the state; providing penalties for making false certificates; providing a repealing clause; providing a severability clause; and declaring an emergency."

The purpose of the amendment of Article 4357 was to require certification in lieu of verification by affidavit of a claim against the State. An affidavit is defined as a statement of fact or facts signed by the party making it, sworn to by some officer authorized to administer oaths. 2 Tex.Jur.2d 394, Affidavits, Sec. 1. On the other hand a certification is a statement of fact or facts not sworn to. In both instances the party has made a statement of fact or facts as to its correctness. Therefore, whenever a claim is submitted to the Comptroller under an affidavit as to its correctness, Article 4357 has been complied with.

Therefore, in answer to your second question, you are advised that the Comptroller can continue to issue warrants for properly submitted claims when such claims are submitted under an affidavit as to their correctness. It is to be noted however that Article 4357 no longer requires that claims be submitted under an affidavit, but requires only that the claim be certified to its correctness.

Articles 4344, V.C.S., 4359, V.C.S., 6820, V.C.S., 6821, V.C.S., 1020, C.C.P., 1030, C.C.P., 1034, C.C.P., 1035, C.C.P., 35.27, C.C.P., require affidavits on certain sworn accounts which are submitted to the Comptroller for issuance of a State warrant. These are specific requirements relating to specific claims or sworn accounts of various individuals and officers, whereas, Article 4357 is a statute applying to all claims against the State generally.

Section 2 of House Bill No. 362, Acts of the 60th Legislature, amending Article 4357, provides: "All laws or parts of laws in conflict with the provisions of this Act are hereby

repealed <u>to the extent of conflict only.</u>"

It is our opinion that no conflict exists between Article 4357, Revised Civil Statutes of Texas, 1925, as amended by House Bill No. 362 and Articles 4344, V.C.S., 4359, V.C.S., 6820, V.C.S., 6821, V.C.S., 35.27, C.C.P., 1020, C.C.P., 1034, C.C.P. and 1035, C.C.P.

You are therefore advised that the provisions of House Bill No. 362, Acts of the 60th Legislature, Regular Session, 1967, do not repeal the above mentioned statutes. Only the requirement contained in Article 4357 was repealed and there is no language contained in House Bill No. 362 to indicate that the Legislature intended to modify existing requirements relating to specific affidavits on certain sworn accounts.

### S U M M A R Y

Senate Bill No. 111, Acts of the 60th Legislature, Regular Session, 1967, amending Article 655, Vernon's Civil Statutes, eliminating the affidavit requirement contained therein applies only to the contractor or seller of supplies and/or services contracted for by the State Board of Control. House Bill 362, Acts of the 60th Legislature, Regular Session, 1967, amending Article 4357, Vernon's Civil Statutes so as to eliminate the affidavit required therein applies to all claims against the State, except those claims which are controlled by special laws, including the Articles listed below which are not repealed by House Bill No. 362. House Bill No. 362 does not repeal Articles 4344, V.C.S., 4359, V.C.S., 6820, V.C.S., 6821, V.C.S., 1020, C.C.P., 1030, C.C.P., 1034, C.C.P., 1035, C.C.P., 35.27, C.C.P., relating to specific affidavits on certain sworn accounts.

Very truly yours,

CRAWFORD C. MARTIN
Assistant Attorney General

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Pat Bailey
Houghton Brownlee
Jack Sparks
Malcolm Quick

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.